IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SEFIDKAR JANALI, #12202-078**                                                        **PETITIONER**

**VERSUS**                                             **CIVIL ACTION NO. 5:11-cv-45-DCB-JMR**

**CORRECTIONS CORPORATION OF AMERICA**
**and WARDEN VANCE LAUGHLIN**                                               **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, a federal inmate[1] incarcerated at the Adams County Correctional Center, Washington, Mississippi, filed this Petition for habeas relief pursuant to 28 U.S.C. § 2241, on March 18, 2011. Upon review of the Petition submitted, the Court has reached the following conclusions.

Petitioner states that as a Shia Muslim he is not being provided with a prayer time separate from Sunni Muslims in the prison's place of worship. Petitioner complains that only providing one prayer time for all factions of the Islamic faith violates his First Amendment rights. Petitioner claims that different denominations of the Christian faith are provided with separate service or program times. As relief, Petitioner is requesting a place to pray separate from all other religions.

**I. Analysis**

Federal prisoners may challenge the manner in which their "sentence is carried out or the prison authorities' determination of its duration" in a habeas petition pursuant to § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, habeas relief "is not available to review

---

[1] Petitioner states that he pled guilty to and was of convicted of conspiracy to possess with intent to distribute a controlled substance by the United States District Court for the Eastern District of Texas on December 26, 2006.

questions unrelated to the *cause* of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added); *see Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009)("Because Moore does not seek release from custody, his claims are not cognizable in a habeas proceeding."). The United States Court of Appeals for the Fifth Circuit in *Pierre* went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id*. at 935-36; *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Since the Petitioner is not challenging the validity of his conviction and sentence in this Petition and since success in this action would not entitle him to an accelerated release from custody, he is not entitled to habeas relief pursuant to 28 U.S.C. § 2241. Instead, a civil rights action provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement.[2] With that said, the Court will dismiss this case as opposed to liberally construing the Petition as a civil rights case. *See Lineberry v. U.S.*, No. 09-40744, 2010 WL 2340804, *1 (5th Cir. June 8, 2010)(affirming district court's dismissal of conditions of confinement claims in habeas case). The decision whether or not to pursue these claims in a separate civil rights action rest squarely with the Petitioner.[3]

## II. Conclusion

As explained above, Petitioner's claims are not properly pursued in a petition for habeas

---

[2]A civil rights complaint against state actors is properly pursued under 42 U.S.C. § 1983, and a civil rights complaint against federal actors is authorized by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[3]The Court points out the filing fee for a civil rights complaint is $350.00 and governed by provisions of the Prison Litigation Reform Act that are not applicable to the $5.00 habeas filing fee.

2

relief. Accordingly, this cause filed pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice and as to the conditions of confinement claims, without prejudice so that Petitioner may pursue those claims by filing the appropriate action, if he so chooses.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

THIS the  5th   day of April , 2011.


           s/David Bramlette
           UNITED STATES DISTRICT JUDGE